# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RODNEY M. WATKINS, | CASE NO. 09-CV-0569-W-BLM |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 21]** |
| v. | |
| JERRY SANDERS, STRONG MAYOR OF SAN DIEGO, CALIFORNIA, THE CITY OF SAN DIEGO, CALIFORNIA, | |
| Defendants. | |

Pending before this Court is Defendants City of San Diego ("City") and Strong Mayor Jerry Sanders' ("Mayor Sanders") motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. (Doc. 21.) Plaintiff Rodney M. Watkins ("Watkins") opposes the motion.

The matter being fully briefed, the Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss Watkins' only federal claim without leave to amend. (Doc. 6.) Additionally, the Court declines to exercise supplemental jurisdiction over Watkins' state claims, and thus those claims must be pursued in state court.

I.      **BACKGROUND**

Plaintiff Watkins operates a tour business offering "instruction in scuba diving and scuba educational tours of the underwater marine park located in the Pacific Ocean off La Jolla." (*First Amended Complaint* ("FAC") [Doc. 20], ¶ 8.) Watkins' business also conducts kayak tours. (*Id.*)

In order to launch his kayaks, Watkins used a public boat launch located at the end of Avenida de la Playa in the La Jolla Shores area of San Diego. (*FAC*, ¶ 8.) Watkins alleges that he must use this ramp because it is the only small-boat access to the Pacific Ocean in the area. (*Id.*, ¶¶ 5, 8.)

At some point, the City issued a request for proposal ("RFP") requiring businesses offering kayak tours to purchase a permit in order to use the Avenida de la Playa boat launch. (*FAC*, ¶ 11.) Watkins alleges that the permit requirement is enforced by City lifeguards, who issue misdemeanor citations pursuant to San Diego Municipal Code 63.20.20 to "commercial kayak operators who attempt to use the La Jolla Shores (LJS) site without having been issued a city permit." (*Id.*, ¶ 12.)

On March 30, 2009, Watkins filed this lawsuit against the City and Mayor Sanders.[1] The City responded by filing a motion to dismiss based on lack of subject matter jurisdiction, among other things. Although the complaint asserted federal-question jurisdiction based on the commerce clause, and admiralty and maritime law, the causes of action were based entirely on state law. Accordingly, the Court granted the motion to dismiss, but allowed Watkins leave to amend. However, the order also cautioned Watkins that the FAC "must establish federal subject-matter jurisdiction"

---

[1] As explained in this Court's November 24, 2009 Order (*see* Doc. 19), this is Watkins' second lawsuit against the City and Mayor Sanders relating to the Avenida de la Playa boat launch. The first case was filed in San Diego Superior Court on August 1, 2008. Because that complaint referenced and appeared to assert claims based on federal law, defendants removed the case to this Court, which later granted defendants' motion to dismiss with leave to amend. Following dismissal, Watkins failed to correct his pleadings within the Court's provided amendment period, and thus the first case was closed. This lawsuit followed.

1  and refer to the federal laws Defendants allegedly violated. (*Order Granting Def.'s MTD*
2  ("Dismissal Order") [Doc. 19], 10:16–11:4.)

3        On December 18, 2009, Watkins filed the FAC. Under the "Jurisdiction" section,
4  Watkins again asserts federal-question jurisdiction based on "1343–civil rights; 1333-
5  admiralty jurisdiction; and 2201–declaratory judgment."  (*FAC*, ¶¶ 19–23.)
6  Additionally, although not identified in the "Jurisdiction" section, Watkins alleges that
7  Defendants are violating the Act for the Admission of California Into the Union (the
8  "Admission Act").

9        In response to the FAC, Defendants have filed a motion to dismiss based on lack
10 of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for
11 failure to state a claim under Rule 12(b)(6). The matter being fully briefed, the Court
12 will grant the 12(b)(6) motion.

13

14 **II.**     **Motion to Dismiss - Rule 12(b)(1)**
15     **A.**     **Applicable Standard**

16       Rule 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter
17 jurisdiction. Fed. R. Civ. P. 12(b)(1). "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1)
18 motion can attack the substance of a complaint's jurisdictional allegations despite their
19 formal sufficiency, and in so doing rely on affidavits or any other evidence properly
20 before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citing
21 Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir.
22 1979)).

23       Although the defendant is the moving party in a motion to dismiss, the plaintiff
24 is the party invoking the court's jurisdiction. Therefore, the plaintiff bears the burden
25 of proof on the necessary jurisdictional facts. McCauley v. Ford Motor Co., 264 F.3d
26 952, 957 (9th Cir. 2001). Furthermore, jurisdiction cannot be waived, and the court is
27 under a continuing duty to dismiss an action whenever it appears the court lacks
28

jurisdiction. Fed. R. Civ. P. 12(h)(3); see also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).

### B.      Subject-Matter Jurisdiction Exists

In order to establish federal question jurisdiction under 28 U.S.C. § 1331, the claims set forth must "aris[e] under the Constitution, laws, or treaties of the United States." A cause of action arises under federal law when "a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id.; Armstrong v. Northern Mariana Islands, 576 F.3d 950, 954–55 (9th Cir. 2009); Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold, 524 F.3d 1090, 1100 (9th Cir. 2008); Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1143 (9th Cir. 2000). This test requires that the federal claim be presented on the "face of the complaint," not in subsequent documents submitted on the matter. Pan Am. Corp. v. Superior Court, 366 U.S. 656, 663 (1961).

Although not referenced in the "Jurisdiction" section, the FAC alleges a claim under the California Admission Act. Specifically, Watkins' contends that Defendants "lack the power to exact a fee based on the federal statute, the Act of Admission . . . ." (*FAC*, ¶ 17.[2])

Although the California Admission Act is a federal statute, it does not necessarily follow that Watkins may file suit under the act. For example, the Ninth Circuit has

---

[2]Defendants address the Act of Admission in their 12(b)(1) motion. However, rather than argue that jurisdiction does not exist, Defendants presume jurisdiction and attack the merits of the claim. (*See MTD* [Doc. 21-1], 10:10–15 ("Here, the public, including Plaintiff, still has unfettered and "free" access via Avenida de la Playa to the beach and Pacific Ocean for any and all non-commercial recreational purposes. Plaintiff and any other individual, however, is subject to being cited pursuant to SDMC section 63.20.20 for conducting commercial operations in a beach area without paying the required permit fee. SDMC section 63.20.20 merely requires a commercial operator in any beach area to have the required permit, it has nothing to do with the public's ability to access the Pacific Ocean.").)

held that a private party may not sue to enforce Hawaii's Admission Act. See Keaukaha-Panaewa Com. v. Hawaiian Homes Com'n, 588 F.2d 1216 (9th Cir., 1978).

In Keaukaha, the Ninth Circuit applied a four-factor test the U.S. Supreme Court announced in Cort v. Ash, 422 U.S. 66 (1975), for determining whether a private right of action may be implied to exist in a federal statute. The four factors are: (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication that the legislature intended to create a federal right in favor of the plaintiff; (3) whether a private right of action is consistent with the legislative scheme; and (4) whether the cause of action is one "traditionally relegated to state law." Id. at 78.

Although each factor was discussed, the Ninth Circuit relied most heavily on the second Cort factor, legislative intent. That intent is clearly expressed in the language of Hawaii's Admission Act, which states that the federal government may sue to enforce its provisions. Keaukaha, 588 F.2d at 1218. Additionally, the only references in the legislative history to enforcement of the act refer "exclusively to the public cause of action." Id. at 1223. Relying on these facts, the Ninth Circuit concluded that the legislative intent does not support a private right of action.

Based on the Court's independent research, there do not appear to be any cases evaluating whether a private right of action exists under California's Admission Act. Accordingly, the Court must apply the Cort factors to decide whether Watkins, as a private individual, may sue to enforce the terms of the act.

The first Cort factor focuses on whether Watkins is in the class for whose benefit the statute was enacted. California's Admission Act provides "that all navigable waters within the said State shall be common highways, and forever free, as well to the inhabitants of said State as to the citizens of the United States, without any tax, impost or duty therefor." See 9 Stat. 452 (1850). Based on this language, it is clear that the right to free navigable waters was intended to benefit all inhabitants of the State.

Because Watkins is an inhabitant of the state, he is within the class for whose benefit the provision was enacted. This factor, therefore, supports jurisdiction over his claim.

The second factor is legislative intent. Since Cort was decided, this factor has become the most important in evaluating jurisdiction. See Touche Ross & Co. v. Redington, 442 U.S. 560, 575–576 (1979). Unfortunately, unlike Hawaii's Admission Act, the California act does not identify who may sue to enforce its provisions. Additionally, this Court has been unable to locate any discussion in the legislative history regarding who, if anybody, may file suit under the act. And although there is at least one published decision involving a claim for violation of the California Admission Act, the case assumed jurisdiction and thus did not discuss whether a right of action exists to enforce the statute. See In re Los Angeles Lumber Products, Co., 45 F.Supp. 77 (D.C.Cal. 1942). Based on the these facts, the second Cort factor is neutral regarding whether a private cause of action exists.

The remaining two Cort factors concern whether allowing a private right of action would be consistent with the purpose of the statute, and whether the claim is one that is traditionally addressed by state law. The purpose of the provision in California's Admission Act requiring free navigable waters was to "insure a highway equally open to all without preference to any, and unobstructed by duties or tolls, and thus prevent the use of the navigable streams by private parties to the exclusion of the public, and the exaction of any toll for their navigation." In re. Los Angeles Lumber Products Co., 45 F.Supp. at 82 (quoting Cardwell v. American Bridge Co., 113 U.S. 205, 212 (1885)). Allowing private parties to sue to eliminate obstructions to the navigable waters furthers the legislative goal. Additionally, litigation involving navigable waters falls squarely within a federal court's maritime jurisdiction, and thus is not an area traditionally relegated to state law.

Accordingly, although the legislative intent is neutral regarding whether a private party may sue under California's Admission Act, the three remaining Cort factors

1  support such an action.  The Court, therefore, finds subject-matter jurisdiction exists
2  over this case.

### II.    Motion to Dismiss - Rule 12(b)(6)

#### A.    Applicable Standard.

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)  tests the complaint's sufficiency.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  Id.

All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555(2007).  As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

#### B.    Plaintiff's Lawsuit is not Barred by Res Judicata.

Defendants argue that this lawsuit is barred by claim preclusion (i.e., res judicata) because Watkins' previous lawsuit was dismissed and he failed to amend the complaint by the deadline set forth in the dismissal order.  The Court is not impressed with this argument.

Under federal law, claim preclusion bars "lawsuits on 'any claims that were raised or could have been raised' in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.2001)).  Claim preclusion requires the moving party to satisfy three

1  elements: (1) an identity of the claims, (2) the previous action must have resulted in a
2  final judgment on the merits, and (3) the present action must involve the same parties
3  or persons in privity of interest. Providence Health Plan v. McDowell, 385 F.3d 1168,
4  1173–1174 (9th Cir. 2004).

5        Here, Defendants argue that Watkins' previous lawsuit resulted in a final
6  judgment on the merits. However, this Court dismissed the previous lawsuit based, in
7  part, on the finding that the claim was not ripe:

> Here, the RFP process with regards to Watkins' kayak and scuba business has not been implemented. (*Def.'s Supp. Mem.* at 7:5–6.) In fact, Watkins concedes that the RFP process has not yet been implemented when he states that there is an "RFP process afoot which should be nipped in the bud." (*Pl.'s Response* ¶4.) Because it appears that the government has not completed its decision making process, it is unclear that the result of the RFP will affirmatively effect Watkins. Therefore, Watkins' challenge to the RFP process is not ripe.

(*Def.'s Ex. Index* [Doc. 21-3], Ex. 3 at 6:17–23.)

      Where a case is dismissed because it is not ripe, the dismissal is not on the merits. See, Traweek v. City and County of San Francisco, 920 F.2d 589, 594 (9th Cir. 1990). Accordingly, Watkins' first lawsuit was not decided "on the merits" and res judicata does not bar this case.

### C.   Watkins has Failed to State a Claim Under the Admission Act.

      Defendants argue that Plaintiff has, in essence, failed to state a claim for relief under the California Admission Act. (*See Mt. Dismiss*, 10:10–15.) The Court agrees.

      The relevant provision of the Admission Act provides "that all navigable waters within the said State shall be common highways, and forever free, as well to the inhabitants of said State as to the citizens of the United States, without any tax, impost or duty therefor." See 9 Stat. 452 (1850). The purpose of this provision is to "insure a highway equally open to all without preference to any, and unobstructed by duties or tolls, and thus prevent the use of the navigable streams by private parties to the

1   exclusion of the public, and the exaction of any toll for their navigation." <u>American</u>
2   <u>Bridge Co.</u>, 113 U.S. at 212.

3          The allegations in the FAC demonstrate that Watkins is not challenging an
4   obstruction on navigable waters. Instead, Watkins is challenging the City's permit fee
5   that commercial operators must pay to use the land at the end of Avenida de la Playa,
6   where Watkins unloads his kayaks and launches them into the ocean. (*See FAC*, ¶¶
7   7–17.) Thus, assuming the truth of the allegations in the FAC, Watkins has not stated
8   a claim for violation of the Admission Act.

10       **D.**    <u>**The Court will Decline to Exercise Supplemental Jurisdiction.**</u>
11          A federal court may decline to exercise supplemental jurisdiction under any of the
12   following circumstances: (1) the state law claim involves a novel or complex issue of
13   state law; (2) the state law claim substantially predominates over the federal claim; (3)
14   the federal claim has been dismissed; and (4) exceptional circumstances. 28 U.S.C. §
15   1367(c). Here, at least two of these factors support dismissal of this case so that
16   Watkins may pursue the state claims in state court.

17          First, Watkins only federal claim–for violation of the California Admission Act–
18   has been dismissed. Although Watkins argues that this lawsuit involves "federal rights"
19   (*see Opp'n* [Doc. 22], 5:15), the allegations in the FAC do no support this contention.

20          The FAC cites 28 U.S.C. § 1343. This section, however, does not create any
21   substantive rights. <u>Jewell v. City of Covington, GA</u>, 425 F.2d 459, 460 (5th Cir. 1970).
22   Rather, section 1343 simply provides jurisdiction to federal courts for litigation arising
23   under the Constitution or federal statutes providing for equal rights. <u>Howard v. State</u>
24   <u>Dept. of Highways of Colorado</u>, 478 F.2d 581, 585 (10th Cir. 1973). And the FAC does
25   not allege Defendants violated the federal Constitution or a federal statute providing for
26   equal rights.

27          The FAC also cites 28 U.S.C. § 2201, the Declaratory Judgment Act. Similar
28   to section 1343, section 2201 does not create any substantive rights, but instead creates

a remedy with which to adjudicate existing rights. Institute for Study Abroad, Inc. v. International Studies Abroad, Inc., 263 F.Supp.2d 1154, 1157 (S.D. Ind. 2001) (citing Bourazak v. N. River Ins. Co., 379 F.2d 530, 533 (7th Cir. 1967)); see also Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996) (explaining that the act simply "offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so."). Accordingly, Watkins' reference to the Declaratory Judgment Act does not create a federal cause of action.

The last federal statute referenced is 28 U.S.C. § 1333, providing federal courts with admiralty or maritime jurisdiction. But as this Court has already explained in the November 24, 2009 Dismissal Order, the FAC does not state an admiralty or maritime claim. (*See Dismissal Order*, 5:17–7:4.) Accordingly, with the dismissal of the California Admission Act claim, this lawsuit does not involve causes of action based on federal rights.

Second, in addition to the dismissal of the only federal claim, Watkins' remaining state claims appear to raise novel issues of state law. Specifically, Watkins is challenging the City's permit fee based on the contention that it violates California's Government Code, Constitution, and Proposition 218. (*See FAC*, ¶ 17.) In this Court's view, these issues should be decided in state court.

For these reasons, the Court declines to exercise supplemental jurisdiction over this case.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Watkins' federal claim under Federal Rule of Civil Procedure 12(b)(6). Additionally, given the history of this case, the Court finds that leave to amend is not warranted.

1 |      With respect to Watkins' state claims, the Court declines to exercise supplemental jurisdiction and thus **DISMISSES** those claims **WITHOUT PREJUDICE**. If Watkins wishes to pursue his state claims, he must do so in state court.

**IT IS SO ORDERED.**

DATED: June 3, 2010

                                                  Hon. Thomas J. Whelan
                                                United States District Judge